[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeared for a hearing in damages on June 26, 1992, to prosecute their complaint of four counts, seeking damages for breach of contract, conversion, larceny and violation of the Connecticut Unfair Trade Practices Act.
The defendant was defaulted for failure to plead on January 2, 1992. At the hearing in damages, the defendant offered no defense to the plaintiffs' claims. He admitted owing $5,585.00, and requested that the court compromise the claim for attorney's fees and costs. He did not address the question of interest.
The court finds that the actions of the defendant John A. Define d/b/a John A. Define Company, were not only unfair and immoral but also unscrupulous and deceptive in violation of Connecticut General Statutes, Sec. 42-110b.
The court finds the defendant's behavior to be a reckless indifference to the rights of the plaintiff. In representing to the plaintiffs that he was representing their interest he was actually converting funds to his own personal use and thereby shattering the plaintiffs' dream of home ownership.
Judgment may enter for the plaintiffs in the amount of $5,585.00. Costs of $294.80 and attorney's fees of $3,000.00 are also awarded. In addition, the court will exercise its discretion and award punitive damages in the amount of $2,500.00, having concluded that the defendant's actions amount to a breach of public policy and a violation of the CUTPA. Collens v. New Canaan Water Co., 155 Conn. 477 (1967), and Personis v. Oiler, 714 F. Sup. 617 (N.D.N.Y. 1989).
RODRIGUEZ, J. CT Page 6887